CENTER FOR DISABILITY ACCESS
Dennis Price, Esq., SBN 279082
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
8033 Linda Vista Rd, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
dennisp@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Johnson**, <br><br>          Plaintiff, <br><br> v. <br><br> **Rocklin of California LLC**, a Nevada Limited Liability Company; **Concept 2000, Inc.**, a California Corporation; and Does 1-10, <br><br>          Defendants. | **Case**: **5:18-CV-06836-VKD** <br><br> **Plaintiff's Objection to Report and Recommendation** |

Plaintiff objects in part to the Report and Recommendation issued by Magistrate Judge DeMarchi in this matter ("R&R").

## I. Prevailing Rate in the Community

Of the 20 page order, 8 pages are spent in discussion of the request to affix fees in the amount of just $6,556.00. Plaintiff has sought rates congruent with the rates that have previously been approved on default judgment within this district, and comparable to the rates that have been approved in the Central District. (Exhibit 1 – LaPorte Order; Exhibit 2 – Wilner Order).

The Report and Recommendation makes numerous arguments for why the requested rates should not be approved, however these arguments are improperly applied for the reasons explained below.

### A.     The R&R Recommends Rates Based on Stale Holdings

The R&R cites to the *Camacho v. Bridgeport Fin.* decision as a basis to discount cited cases. However, this citation misstates the intent and rationale of the *Camacho* holding. In *Camacho* (and *Bell* cited by *Camacho*) the court awarded *lower* rates based on stale market rates. This is a logical outcome, as prevailing rates necessarily increase over time. *Chapman v. NJ* (ND Ca. 2019) 2019 WL 3718585, *4 (finding that $100 an hour is appropriate in accounting for inflation vs. two year old cases.)  However, the Report and Recommendation is rejecting "old rates" as being inapplicable entirely and dismissing their value as establishing a baseline. If rates multiple years in the past are higher than the rates that are being awarded, this is an indication that rates have not been keeping up with the market, or that the rates being suggested are holding the line on community rates. This should be a wake-up call that awarded rates have

not kept up with market forces. At minimum, this extraordinary suggestion of economic deflation requires similarly extraordinary evidence.

Going further, the R&R cites to numerous cases which have awarded lower rates, but without applying this same "stale rate" rationale. The *Autozone, Machado, Express Auto, VN Alliance and RK Investment* cases, in a sort of jurisprudential necromancy reviving expired holdings, have all cited to each other with reference to default judgments based on stale rates built on that same 2011 order from Judge Wilson establishing a new "current" baseline fee award. If *Camacho* stands for the proposition that past rates become stale after a few years, then surely courts cannot revive them simply by continuously perpetuating them into the future. Under this rationale a rate could never become stale!

The $425 rate on which the above cases awarded stems back to a 2011 award by District Judge Stephen Wilson in the Central District. (Exhibit 3 – Wilson Award) Center for Disability Access ("CDA") did not begin requesting adjusted rates deviating from this award in the Central District until this year. As a result, this 2011 rate[1] has been propagated, with significant approval, throughout California, including this district through adoption via several default judgments where those rates were requested[2]. It is time for a reassessment of this rate, not just for inflation,

---

[1] That decision, which has been foundational to the rates awarded to the CDA for the last 9 years Judge Wilson rejected rates awarded to CDA in 2008, just three years earlier, as too low and stale.

[2] Until relatively recently CDA did not handle significant numbers of matters in the Northern District. The first default judgments obtained in this district relied on these older rates rather than seeking adjustment. These requests were unsurprisingly adopted, but should not operate as a *res judicata* on the issue of prevailing

but also based on the increased expertise of the attorneys involved. It should be noted that the first court to assess the appropriateness of a deviation from this request, in an opposed filing, determined that it was proper and awarded the rates requested. (See: Exhibit 2 – Awarding $450-$595 in the Central District of California)

Here, Plaintiff seeks slightly higher rates than those requested in Los Angeles ($595 vs. $650 for the most senior attorneys). Despite the undeniably higher cost of litigation and prevailing community rate, some courts in the Northern District are "holding the line" on civil rights fees without justification by tethering them to several year old rulings in a different district. Awarding fees on a "holding the line" basis has been rejected by the 9th Circuit, and "no matter how well-intentioned or administered" is an abuse of discretion. *Moreno v. City of Sacramento* (2008) 534 F.3d 1106, 1115. Curiously, the same "holding the line" order that lead to the *Moreno* reversal was a judge cautiously increasing rates just $50 from stale older rates, feeling that a more substantial increase wasn't justified – the exact adjustment value recommended by Magistrate Judge DeMarchi in this case. While a $50 increase isn't a per se abuse of discretion, the fact that it was done without tying to the most recent ADA rates awarded to other firms, acknowledgment of the context of the prior rates and that it was done without establishing a proper prevailing rates gives significance question to its propriety.

### B.  Judges Assessing Requested Rates Award Substantially More

Judge LaPorte's decision in *Rivendell* is instructive on this point. What the R&R dismisses as an unopposed default judgment (disregarding that

---

rates simply because the firm opted to seek below market fees in the past.

this motion is also a default judgment, as were numerous cases cited), it ignores that Judge LaPorte conducted a thoughtful analysis of the rationale for awarding those fees. It is dismissive of Judge LaPorte's order to cast this decision aside as an outlier when it was the first case to actually analyze the requested rates using the legally required criteria.

Further, Judge Davila in *Chapman v. NJ* conducted a thorough analysis of proper rates to award in ADA litigation and awarded rates of $600 an hour. The R&R references this case, but makes no justification why a rate of $600 an hour is appropriate for attorney Tom Frankovich, but $475 is appropriate for the senior attorneys staffing this matter, or why senior associates at CDA should be paid commiserate with a junior attorney[3] working on the *Chapman* matter.

Here, as justified in the declaration, Mssrs. Potter and Handy have equal if not greater accolades that justify at minimum the same rate, if not more. While Mr. Frankovich has more years of practice, the work of CDA, of which Potter and Handy are sole partners, has shaped the law in which other practitioners in this area of law, including Mr. Frankovich, operate. CDA has been lead counsel on numerous cases that clarified rights to persons with disabilities, established new rights, or reversed practices that were harmful to ADA plaintiffs. By any objective metric other than bar number[4], Mssrs. Potter and Handy are at the top of the field in this area of law and should be compensated appropriately for that expertise.

---

[3] Ms. Seabock (nee Lockhart) is now a supervising attorney at CDA with substantially more responsibility and control over litigation than the work that she was awarded $350/hr in *Chapman*.

[4] And each still have over 20 years of experience, hardly neophytes in this arena.

### C. Chris Carson

Ms. Carson was unintentionally omitted from the briefing in this matter. The R&R suggests that justifies not compensating the work that was done by her in entirety. This is not appropriate. Ms. Carson's work is reflected in the billing statement and meets the requirement set in the lodestar for compensation. All reasonably incurred costs are subject to compensation, and there is no question that her work was reasonably incurred (she drafted the complaint.) Her qualifications are recited below:

Ms. Carson has been prosecuting disability access cases for since 2011 in both state and federal court. She has conducted discovery, drafted and opposed Motions for Summary Judgment, and prepared for trial in hundreds of cases brought under both Title II and Title III of the ADA. Ms. Carson graduated cum laude in the top 10% of her class from California Western School of Law in 2011. While in law school Ms. Carson served as a writer and editor for California Western's two law reviews. Her article, "*Lords of the Manor: Fighting California Slumlords with Private Multi-Plaintiff Implied Warranty of Habitability Litigation,*" was accepted for publication by The Scholar, St. Mary's Law Review on Minority Issues.

Should the court not deem this admissible for the purpose of establishing her qualifications, the work should at minimum be compensated at the rate it would compensate a junior attorney, as it was undeniably attorney work.

## II. Conclusion

The Plaintiff respectfully requests that this court reconsider the rates requested by Plaintiff in this matter with the context of the prevailing community and fair rate of compensation for prevailing attorneys. In the alternative, Plaintiff requests the opportunity to present a full briefing on this issue with a fee expert, as the procedural posture of this matter, an

1  uncontested default judgment made that strategic decision unreasonable
2  before this issue was brought to attention in the R&R.
3
4  Dated: September 5, 2019          CENTER FOR DISABILITY ACCESS
5
6                                    By:   /s/ Dennis Price
                                     Dennis Price, Esq.
7                                    Attorneys for Plaintiff